**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 13-1998**

---

LAKESHA SHANTAY CHESTER,

                Plaintiff – Appellant,

     v.

US SECURITY ASSOCIATES,

                Defendant - Appellee.

---

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, Chief District Judge. (3:12-cv-00204-FDW-DSC)

---

Submitted: November 21, 2013     Decided: November 25, 2013

---

Before KING, DUNCAN, and DIAZ, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Lakesha Shantay Chester, Appellant Pro Se. Stephen D. Dellinger, Jade Cobb Murray, LITTLER MENDELSON PC, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lakesha S. Chester appeals the district court order granting summary judgment in favor of Defendant U.S. Security Associates in Chester's employment discrimination suit. We have reviewed the record and find no reversible error. Accordingly, we affirm because Chester failed to present a viable claim of sexual harassment or retaliation, as stated by the district court in its oral order announced from the bench. See Univ. of Tex. Sw. Med. Ctr. v. Nassar, 133 S. Ct. 2517, 2528, 2533 (2013) (holding that Title VII retaliation requires proof that desire to retaliate was but-for cause of challenged employment action); Howard v. Winter, 446 F.3d 559, 567 (4th Cir. 2006) (recognizing that "the law against harassment is not self-enforcing and an employer cannot be expected to correct harassment unless the employee makes a concerted effort to inform the employer that a problem exists," and that "when an employer's remedial response results in the cessation of the complained of conduct, liability must cease" (internal quotation marks and alteration omitted)); EEOC v. Navy Fed. Credit Union, 424 F.3d 397, 405 (4th Cir. 2005) (describing required showing and burden-shifting scheme for retaliation claims, including requirements that employee show that protected activity is causally connected to adverse employment action and that employer's legitimate non-discriminatory reason for challenged action is pretextual). We

2

dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>